United States District Court
Southern District of Texas
**ENTERED**
September 12, 2023
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **RANDY WILLIAM BRAST,** | § | |
| | § | |
| *Plaintiff*, | § | |
| VS. | § | CIVIL ACTION NO. 4:23-CV-01333 |
| | § | |
| **FESTIVAL PROPERTIES, INC.,** *et al.* | § | |
| | § | |
| *Defendants*. | § | |

## MEMORANDUM & ORDER

Pending before the Court is Plaintiff's Amended Motion for Default Judgment and Permanent Injunctive Relief as to Defendant Festival Properties, Inc. (ECF Doc. 16.) After considering the Plaintiff's filings and the applicable law, the Court finds the motion should be **DENIED**.

### I.  BACKGROUND

Plaintiff Randy William Brast ("Plaintiff") brought this suit against Defendants Festival Properties, Inc. ("Festival") and Tejas Auto Insurance Agency ("Tejas"). Plaintiff alleges that "Defendants' real estate, property, and improvements" at Tejas "are not accessible to individuals with mobility impairments and disabilities" in violation of Title III of the Americans with Disabilities Act, 42 U.S.C. §§12181, *et seq.*, and its attendant regulations, the Americans with Disabilities Act Accessibility Guidelines. (ECF Doc. 7 at 1-2.)

Festival was served with the Original Complaint on April 24, 2023. (ECF Doc. 6.) Plaintiff filed his First Amended Complaint on August 4, 2023, adding Tejas as a Defendant. (ECF Doc. 7.) Festival failed to plead or otherwise respond to the Complaint within the time required by the Federal Rules of Civil Procedure. The Clerk entered an initial entry of default against Festival on

August 9, 2023. (ECF Doc. 13.) On August 18, 2023, Plaintiff filed an Amended Motion for Default Judgment and Permanent Injunctive Relief as to Festival.[1] (ECF Doc. 16.) On August 30, Festival filed its Original Answer.[2] (ECF Doc. 17.) The other Defendant, Tejas, filed a timely Motion to Dismiss for lack of subject matter jurisdiction on September 5, 2023. (ECF Doc. 22.) The Motion to Dismiss has not yet been resolved. The Court must consider the question of when it is appropriate to grant a default judgment against one of multiple defendants.

## II.     DISCUSSION

In the Fifth Circuit, there are three steps to obtaining a default judgment: (1) default, (2) entry of default, and (3) default judgment. *New York Life Ins. Co. v. Brown*, 84 F.3d 137, 141 (5th Cir. 1996); *see also* Fed. R. Civ. P. 55(a)-(b).

> A *default* occurs when a defendant has failed to plead or otherwise respond to the complaint within the time required by the Federal Rules. An *entry of default* is what the clerk enters when the default is established by affidavit or otherwise. Fed. R. Civ. P. 55(a). After defendant's default has been entered, plaintiff may apply for a judgment based on such default. This is a *default judgment*.

*New York Life Ins. Co.*, 84 F.3d at 141.

Here, the first two requirements for a default judgment against Festival have been met, and remaining for determination is whether a default judgment is warranted. "A party is not entitled to a default judgment as a matter of right, even where the defendant is technically in default." *Ganther v. Ingle*, 75 F.3d 207, 212 (5th Cir. 1996).

From the Supreme Court's decision in *Frow v. De La Vega*, 82 U.S. 552 (1872), "a general

---

[1] The only difference between Plaintiff's Initial Motion (ECF Doc. 14) and Amended Motion (ECF Doc. 16) is that the latter contains a corrected certificate of service documenting that the Motion had been served in compliance with Local Rule 5.5.

[2] Festival did not move the Court for leave to file a late Answer as required by the Federal Rules of Civil Procedure 6(b). The Court scheduled a Status Conference for September 6, 2023. (ECF Doc. 19.) Plaintiff filed an Opposed Motion for Continuance of Status Conference due to health issues of Plaintiff's counsel, which the Court granted. (ECF Doc. 23.)

rule has developed that, when one of multiple defendants who is facing a joint liability action has defaulted, judgment should not be entered against him until the matter has been adjudicated as to all defendants, or all defendants have defaulted." *Underwriters at Lloyds, Syndicate 4242 v. Turtle Creek P'ship, Ltd.*, No. 4:08-CV-3044, 2010 WL 5583118, at *2 (S.D. Tex. Feb. 26, 2010) (Ellison, J.). The policy rationale is to avoid inconsistent judgments, which are "strongly disfavored." *Escalante v. Lidge*, 34 F.4th 486, 495 (5th Cir. 2022). As the Court stated in *Frow*:

> [I]f the suit should be decided against the complainant on the merits, the bill will be dismissed as to all the defendants alike—the defaulter as well as the others. If it be decided in the complainant's favor, he will then be entitled to a final decree against all. But a final decree on the merits against the defaulting defendant alone, pending the continuance of the cause, would be incongruous and illegal.

82 U.S. 552, 554 (1872).

"[E]ven when defendants are similarly situated, but not jointly liable, judgment should not be entered against a defaulting defendant if the other defendant prevails on the merits." *Gulf Coast Fans, Inc. v. Midwest Elecs. Importers, Inc.*, 740 F.2d 1499, 1512 (11th Cir. 1984); *see also Underwriters at Lloyds, Syndicate 4242*, WL 5583118, at *3 (finding that *Frow* "probably can be extended to situations in which several defendants have closely related defenses") (quoting 10A CHARLES ALAN WRIGHT, ARTHUR R. MILLER & MARY KAY KANE, FEDERAL PRACTICE AND PROCEDURE § 2690 (3d ed.1998)).

In this case, Plaintiff sued Festival and Tejas for civil liability under federal disability law based on the same allegations. (ECF Doc. 7.) While Plaintiff's First Amended Complaint does not allege that Defendants are jointly liable, Plaintiff has not asserted claims against Festival "that are unique or independent from those asserted against the [other] defendant[]." *Smith v. Sanders*, No. 3:12-CV-4377-M, 2020 WL 3260489, at *4 (N.D. Tex. May 19, 2020), *report and recommendation adopted*, No. 3:12-CV-4377-M, 2020 WL 3259391 (N.D. Tex. June 15, 2020).

3

Because the defaulting defendant (Festival) is similarly situated to the non-defaulting defendant (Tejas) and because both defendants may have closely related defenses, the Court finds it proper to await a final ruling on the merits as to Tejas before determining whether Plaintiff is entitled to a default judgment against Festival. *See Underwriters at Lloyds, Syndicate 4242*, WL 5583118, at *3 (applying *Frow* to avoid the possibility of incongruous rulings when Defendants had closely related defenses); *Lewis v. Lynn*, 236 F.3d 766, 768 (5th Cir. 2001) (internal quotation marks omitted) (holding that defaulting defendants were allowed to benefit from another defendant's summary judgment motion because "it would be incongruous and unfair to allow some defendants to prevail, while not providing the same benefit to similarly situated defendants"). It would be "incongruous and unfair" to allow Tejas to prevail against Plaintiff while entering default judgment against Festival "on the same issues under the same allegations." *Smith*, 2020 WL 3260489, at *4.

### III.   CONCLUSION

Plaintiff's Amended Motion for Default Judgment and Permanent Injunctive Relief as to Festival is **DENIED WITHOUT PREJUDICE**.

**IT IS SO ORDERED.**

**SIGNED** at Houston, Texas, on this the 12th of September, 2023.

_____
HON. KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE